# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KURT A. WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:16-cv-00022-SLC |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| *sued as Nancy A. Berryhill, Acting Commissioner* ) | |
| *of SSA*,[1] ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Kurt A. Wells brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (DE 1). On March 28, 2017, this Court entered an Opinion and Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (DE 29).

Wells's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $18,505.25 for his representation of Wells in federal court. (DE 37). The Commissioner filed a response indicating that she does not oppose the motion (DE 40), and thus, the motion is ripe for ruling. For the following reasons, Shull's motion for attorney fees will be GRANTED, subject to an offset explained herein that will reduce his fee to $12,305.25.

### A. *Factual and Procedural Background*

On January 21, 2016, Shull entered into a contingent fee agreement with Wells for his

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, *see Casey v. Berryhill*, 853 F.3d 322 (7th Cir. 2017), and thus, she is automatically substituted for Carolyn W. Colvin in this case, *see* Fed. R. Civ. P. 25(d).

representation of Wells in federal court.[2]  (DE 38-2).  The agreement provided that Shull would "charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [Wells's] family and [him] in the event [his] case is won."  (DE 38-2).

That same day, Wells filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits.  (DE 1).  On March 28, 2017, Wells received a favorable judgment from this Court, and the case was remanded to the Commissioner for further proceedings.  (DE 29; DE 30).

On June 20, 2017, Wells filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the hours that Shull spent advocating his claim in federal court.  (DE 32-DE 34).  Pursuant to the parties' subsequent stipulation, the Court granted Wells an EAJA fee award of $6,200.  (DE 35; DE 36).

On February 12, 2018, the Commissioner sent a notice of award to Wells, explaining that he was entitled to monthly disability benefits beginning October 2012 and past-due benefits in the amount of $98,021.  (DE 38-1 at 6).  The notice further explained that the Commissioner had withheld 25 percent of Wells's past-due benefits, that is, $24,505.25, to pay Wells's attorney and that any remainder after doing so would be sent to Wells.  (DE 38-1 at 7).

Within three months, that is, on May 3, 2018, Shull filed the instant motion seeking fees under § 406(b) in the amount of $18,505.25 for the 32.6 hours he spent advocating Wells's appeal in federal court.  (DE 37).

---

[2] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

2

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. 42 U.S.C. § 406(a); *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. Furthermore, § 406(b) has been harmonized with the EAJA; although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

### C. Discussion

The Court is charged with determining whether Shull's requested fee of $18,505.25 under the contingent fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of [Wells's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). The notice of benefits from the Commissioner indicates that Wells was awarded $98,021 in past-due benefits. (DE 38-1 at 6). Thus, the fee amount that Shull requests, $18,505.25, does not exceed 25 percent of Wells's past-due benefits.

Shull contends that his requested fee award of $18,505.25 is reasonable for the 32.6 hours he spent representing Wells in federal court. He emphasizes that: (1) he achieved a good result for Wells; (2) he provided Wells with effective and efficient representation, which he attributes to his significant experience and knowledge in the area of Social Security disability law; (3) the requested fee reflects the contingent nature of the recovery; and (4) the requested fee is in alignment with the fees of other attorneys in the local market. (DE 39).

Shull did obtain a good result for Wells and provided him with quality representation.

4

*See Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). This Court acknowledges Shull's numerous years of experience and significant knowledge in the area of Social Security disability law. (*See* DE 39 ¶ 4 (noting Shull's significant professional experience in the area of Social Security law)). Having said that, this case was not particularly complex, as Shull advanced three relatively-routine arguments on appeal.[5] *See Schaffner v. Comm'r of Soc. Sec.*, No. 1:07-cv-00567, 2010 WL 3894580, at *2 (S.D. Ohio Sept. 7, 2010) (considering when discounting a lawyer's § 406(b) fee request that the legal work performed, while not entirely "boilerplate," was relatively straightforward and routine, requiring no extensive legal analysis); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) (discounting requested § 406(b) fee where "the issues briefed in the summary judgment motion were neither novel nor complex").

The Court further notes that Shull requested and received four 28-day extensions during the briefing process due to his busy schedule.[6] (DE 12-DE 15; DE 24-DE 27). The Court considers these extensions in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits. *See Gisbrecht*, 535 U.S. at 808. Shull's requested extensions are on the high side of what this Court views as reasonable, but as noted above, he ultimately produced a good result for Wells.

---

[5] On appeal, Wells challenged the ALJ's discounting of his symptom testimony and the weight applied to the opinions of his treating psychiatric nurse practitioner and the reviewing state agency psychologists. (DE 17 at 7-13).

[6] The Commissioner requested and received two 28-day extensions. (DE 18-DE 19; DE 21-DE 22).

5

Shull also emphasizes that he incurred a substantial risk of loss in taking Wells's case. Shull points to statistics indicating that Social Security claimants who go to court ultimately prevail only about 35% of the time. (DE 38 at 7); *see generally Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements."). Based on these statistics, Shull explains that he needs to recover at least 2.7 times greater fees in contingent fee cases than in non-contingent fee cases to compensate for the substantial risk of loss involved in Social Security appeals. (DE 38 at 7); *see Crawford v. Astrue*, 586 F.3d 1142, 1145 (9th Cir. 2009) (considering Social Security advisory board statistics in a § 406(b) fee analysis). To that end, Shull produced the Affidavit of Steven L. Jackson, a local attorney who is experienced in representing Social Security claimants, in which Jackson states that "a fee of $300./hr. is a fair and reasonable estimate of a non-contingent hourly rate for an attorney doing similar work in the District Court." (DE 38-3 ¶ 8).

Here, Shull's requested fee of $18,505.25 divided by the 32.6 hours he spent on the case in federal court equates to an effective rate of $568 per hour, an amount about 1.9 times the non-contingent hourly rate of $300.[7] As such, Shull's requested fee equates to an effective rate that

---

[7] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding."). Shull argued in his

6

falls within the range of previous awards approved by this Court. *See, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour); *Duke v. Astrue*, No. 1:07-CV-00188, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding fee equating to $549.14 per hour).

Ultimately, "if a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Jeter*, 622 F.3d at 381. Shull has made a convincing case that the good result he achieved for Wells was due to his substantial knowledge and experience in Social Security disability law and his effective and efficient representation, rather than due to "some other source for which it would be unreasonable to compensate the attorney." *Id*. (citing *Gisbrecht*, 535 U.S. at 808). The Seventh Circuit Court of Appeals has stated that it "do[es] not read *Gisbrecht*'s 'windfall' as support for the proposition that experienced, competent counsel should be punished for accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive counsel." *Id*. at 380-81.

Accordingly, Shull's requested fee award under § 406(b) will be authorized by this Court, but will incorporate an offset for the $6,200 in EAJA fees that Shull already recovered, reducing the fee award to $12,305.25. (DE 38 at 10 (acknowledging that his § 406(b) award is reduced by the EAJA award of $6,200)); *see Gisbrecht*, 535 U.S. at 796. The Commissioner is

---

supporting memorandum that his requested effective hourly rate is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court is merely responding to Shull's argument concerning his proposed effective rate and considering it as one factor in the analysis. *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

7

to release the remaining amount withheld from Wells's back benefits ($6,200) to Wells.

### D.  *Conclusion*

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (DE 38) is GRANTED, except that his requested fee of $18,505.25 is reduced to $12,305.25 to offset his prior award of EAJA fees in the amount of $6,200.  The Commissioner is to release the remaining amount withheld from Wells's back benefits ($6,200) to Wells.

SO ORDERED.

Entered for this 30th day of May 2018.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge